UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL ROBERTS, et al.                                              PLAINTIFFS

V.                              CIVIL ACTION NO. 3:23-CV-2999-KHJ-MTP

KJ WIN, INC., et al.                                                DEFENDANTS

ORDER

Before the Court is Defendant KJ Win, Inc.'s [17] Motion to Set Aside Default Judgment. For the reasons stated below, the Court denies the motion.

I.   Background

This is a personal-injury case in which the Court entered a final default judgment against KJ Win for not responding to Plaintiffs Cheryl Roberts and William Chambers's lawsuit. Order [15] at 1–2, 13; Final J. [16]. In December 2021, a KJ Win truck driver parked his tractor-trailer on the shoulder of I-20 westbound in Newton County, Mississippi. Compl. [1] ¶ 18. A passing tractor-trailer then "changed lanes due to the parked KJ Win tractor-trailer," resulting in a six-car pileup that injured the plaintiffs. *Id.* They contacted KJ Win's insurer—Prime Insurance Company—and eventually forwarded a demand package for the settlement of their claims against KJ Win. Representation Letter [19-1] at 1; Demand Letter [19-4] at 4, 8. Prime denied the plaintiffs' claims, stating that its [22-1] Insurance Policy with KJ Win provided no coverage. Coverage Denial Letter [17-6] at 1–2; Email [19-10]. After Prime's denial, the plaintiffs requested contact

information for KJ Win. [19-10]. The last communication between the plaintiffs and Prime occurred on October 6, 2023, when Prime provided an email address for KJ Win's supposed agent, Wei Jiang. Email [19-11].

When the plaintiffs contacted Jiang, he stated on October 9 that KJ Win was unaware of the crash. Email [19-12] at 2–3.[1] So the plaintiffs filed their [1] Complaint on October 10. *See* [1]. They first tried to serve KJ Win's registered agent—Ke Xiang—at the address he provided to the California Secretary of State. Order [7] at 3. That address led to a vacant residence. *See id.* Undeterred, the plaintiffs hired ABC Legal Services, Inc., to locate and serve KJ Win. *Id.* That search turned up no other address for Xiang or KJ Win, but the plaintiffs did find another address that KJ Win had provided to the Federal Motor Carrier Safety Administration. *Id.* They tried to effect service there but found only a home whose occupant knew nothing about KJ Win. *Id.*

On November 29, the plaintiffs sought leave to serve KJ Win by substituted service on the California Secretary of State as allowed by California law. *Id.* at 1. The Court granted it. *Id.* at 4. And the plaintiffs delivered process to the Secretary of State on December 22. Proof of Service [8] at 2. After KJ Win failed to answer or appear, the Clerk entered default in January 2024. Clerk's Entry of Default [10]; [15] at 2. Months passed without a word from KJ Win, so the Court held an evidentiary hearing on damages in May and entered a final default judgment in

---

[1] Jiang later stated on November 28 that he was an insurance agent who had formerly represented KJ Win. [19-12] at 1. He then instructed the plaintiffs to contact KJ Win directly but provided no other contact information. *Id.*

July. [15] at 2, 13; [16]. KJ Win also updated its corporate address in July.[2] In September, the plaintiffs contacted Prime again and demanded satisfaction of the default judgment against KJ Win. Demand Letter [17-7].

Prime remained unaware of this suit until the plaintiffs notified it of the judgment in September, so Prime retained counsel to represent KJ Win in October. Mem. Supp. Mot. [18] at 3. That counsel now moves the Court on KJ Win's behalf to set aside the default judgment. [17] at 1–2. To date, KJ Win's counsel and Prime "have been unable to get in contact with KJ Win to determine whether KJ Win was ever put on notice of this lawsuit." [18] at 7. Even so, KJ Win asserts that the judgment is void and that good cause otherwise exists for setting it aside. *See id.* at 6–7.

II.   Standard

A court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (cleaned up). Because defaults "are generally disfavored," courts should set them aside unless "it appears that no injustice results from the default . . . ." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (cleaned up). Likewise,

---

[2] *KJ Win Inc Statement of Information*, Cal. Sec'y of State (July 3, 2024), https://bizfileonline.sos.ca.gov/search/business [https://perma.cc/WHV6-HC6F] (search for "KJ Win Inc" and follow the hyperlink; then click "View History"; then click "Expand All"; then click "Download"). The Court may take judicial notice of public records contained on government websites. *See, e.g.*, *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015).

3

"any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008) (cleaned up). Thus, "Rule 60(b) is applied most liberally to judgments of default . . . ." *Id.* at 370 (cleaned up).

But the policy against defaults "is counterbalanced by considerations of social goals, justice[,] and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Sindhi*, 905 F.3d at 331 (cleaned up). And a final default judgment remains harder to set aside than a mere entry of default. *In re OCA, Inc.*, 551 F.3d at 370 (cleaned up); *see also Sindhi*, 905 F.3d at 333 ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment." (cleaned up)).

III.   Analysis

The Court declines to disturb the [16] Final Judgment. In doing so, it first finds that KJ Win's attorneys have the authority to appear on its behalf. Second, the Court finds that the default judgment is not void for lack of notice. And third, the Court finds that KJ Win willfully defaulted.

A. Standing

The Court first addresses the plaintiffs' argument that KJ Win's attorneys lack authority to represent it here. Mem. Supp. Resp. [20] at 7–9. No one "has the right to appear as [an] attorney for another without first receiving authority from the purported client." *Maiz v. Virani*, 311 F.3d 334, 341 n.5 (5th Cir. 2002) (cleaned up); *see also Doraleh Container Terminal SA v. Republic of Djibouti*, 109 F.4th 608,

4

613–14 (D.C. Cir. 2024). In Mississippi, an insurer's right or duty to defend its insureds "derives . . . from the provisions of its policy." *Cont'l Cas. Co. v. Allstate Prop. & Cas. Ins.*, 235 So. 3d 40, 54 (Miss. 2017) (en banc); *accord Davenport v. St. Paul Fire & Marine Ins.*, 978 F.2d 927, 931 (5th Cir. 1992).

The [22-1] Policy issued to KJ Win provides that Prime has "both the right and the duty to provide for [KJ Win's] defense with respect to a Claim covered by the Policy." [22-1] at 12. The [22-1] Policy's MCS-90 endorsement may apply here, [17-6] at 2, and "[a]n endorsement controls the policy insofar as it enlarges, modifies[,] or restricts the terms of the policy." *Colony Ins. v. Wright ex rel. Wrongful Death Beneficiaries of Wright*, 16 F.4th 1186, 1189 (5th Cir. 2021) (cleaned up). Thus, Prime has shown its authority to appear for KJ Win.

B. Rule 60(b)(4) Arguments

KJ Win argues that the Court should set aside the [16] Final Judgment as void because the plaintiffs did not provide notice of the default judgment as required by Rule 55(b)(2). [18] at 6. Rule 60(b)(4) provides relief from void judgments. Fed. R. Civ. P. 60(b)(4). "It applies only when a judgment is premised on a 'jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Scott v. Carpanzano*, 556 F. App'x 288, 291 (5th Cir. 2014) (per curiam) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). Since even "serious procedural irregularities during the course of a proceeding, without more, do not amount to a deprivation of due process," it is unclear if failure to provide Rule 55(b)(2) notice violates due process.

5

*See id.* at 292 (citing *Espinoza*, 559 U.S. at 272).[3] But the Court need not decide that question because KJ Win never appeared, so it had no right to Rule 55(b)(2) notice.

A plaintiff applying for default judgment must give the defendant notice only if the defendant "has appeared personally or by a representative . . . ." Fed. R. Civ. P. 55(b)(2). Informal acts, like sending a letter or making a phone call, can constitute an appearance. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). But to "qualify as an appearance and trigger Rule 55(b)(2)'s notice requirements, the defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense *and must be responsive to the plaintiff's formal Court action.*" *Rogers v. Hartford Life & Acc. Ins.*, 167 F.3d 933, 937 (5th Cir. 1999) (cleaned up) (emphasis added). Before formal service of process, "the defendant has no duty to answer the complaint . . . ." *Id.* So "a defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default." *Id.*

According to KJ Win, it appeared because Prime "discussed the accident on multiple occasions" with the plaintiffs and exhibited an intent to contest their claims. [18] at 6. Prime's last contact with the plaintiffs is an email dated October 6, 2023. [19-11]. Over two months later, the plaintiffs served KJ Win on December 22, 2023. [8] at 2. Since Prime's communications with the plaintiffs took place before the plaintiffs served KJ Win, those communications were not responsive to the suit,

---

[3] *See also Green v. Johnson Richards & Co.*, No. 3:00-CV-770, 2011 WL 5190282, at *2–3, *2 n.1 (M.D. La. Oct. 12, 2011), *report and recommendation adopted sub nom. Green v. Goodwin*, 2011 WL 5237823 (M.D. La. Oct. 31, 2011).

and they cannot constitute an appearance. *Rogers*, 167 F.3d at 937. Because KJ Win never appeared, the plaintiffs had no duty to give KJ Win notice of the default judgment. *See* Fed. R. Civ. P. 55(b)(2).

    C.  Rule 60(b)(1) Arguments

KJ Win next argues that there is good cause to set aside the [16] Final Judgment. Rule 60(b)(1) permits relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In the default-judgment context, Rule 60(b)(1) incorporates Rule 55's good-cause standard, which normally applies to entries of default. *Scott*, 556 F. App'x at 293 & n.3 (citing *In re OCA, Inc.*, 551 F.3d at 369). The Court finds that KJ Win willfully defaulted, so no good cause exists to set aside the default judgment.

"In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1)," courts consider "[1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (cleaned up). "Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *In re OCA, Inc.*, 551 F.3d at 369. The party moving to set aside the default bears the burden of showing good cause. *Sindhi*, 905 F.3d at 332. When "a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a

preponderance of the evidence." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014); *accord Wooten*, 788 F.3d at 500–01. "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Wooten*, 788 F.3d at 500 (cleaned up).

The plaintiffs properly served KJ Win by substituted service on the California Secretary of State after attempting personal service multiple times at two addresses. [8] at 2; [7] at 2–4; *see also* Cal. Corp. Code § 1702(a). California's substituted-service statute requires the Secretary of State to forward process to a corporation's principal office or to its designated agent for service of process. Corp. § 1702(b). And California law requires a corporation to keep its designated agent's address current with the Secretary of State. *See* Corp. § 1502(e); *see also Verizon Cal. Inc. v. OnlineNIC, Inc.*, 647 F. Supp. 2d 1110, 1123–24 (N.D. Cal. 2009) (noting that section 1502(e) "requir[es] corporations to file with [the] Secretary of State a current statement of address whenever [the registered agent's] address is changed"). So if KJ Win did not receive notice of this suit through the California Secretary of State, that's because KJ Win neglected to update its corporate address.

KJ Win "has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful . . . ." *Wooten*, 788 F.3d at 500–01. But it produces no evidence on this burden. Instead, KJ Win tries to reverse the burden, claiming that there "is no evidence that [its] default was willful" or that it "ever received the Summons and Complaint . . . ." [18] at 7. KJ Win's attorneys also claim

8

that "even if KJ Win received notice of the lawsuit, . . . it was likely under the impression that [Prime] would be notified of any lawsuit and would respond on its behalf . . . ." *Id.* Yet counsel cannot conjure a supporting affidavit or even affirmatively deny that KJ Win knew of this suit. *See id.* Why must KJ Win's lawyers speculate about their own client's "impression[s]"? *Id.* As KJ Win's [18] Memorandum admits, "counsel and [Prime] have been unable to get in contact with KJ Win . . . ." *Id.*

What's more, the evidence shows that KJ Win could have updated its corporate registration and address. The California Secretary of State's records reveal that KJ Win updated its principal address in July 2024. *KJ Win Inc Statement of Information*, *supra* note 2. So KJ Win made itself unreachable by providing two "false addresses, both for ordinary business communications and service of process." *Verizon Cal. Inc.*, 647 F. Supp. 2d at 1123. It also "maintain[ed] false information with the California Secretary of State, in violation of California law." *Id.* And then the company suddenly reappeared three months before its attorneys filed this [17] Motion in October 2024. But its lawyers still cannot "get in contact with KJ Win . . . ." [18] at 7. As a result, KJ Win's attorneys do not—and cannot—explain the company's failure to keep its address updated or respond to its lawyers' communications. The Fifth Circuit has decried this sort of behavior as "playing games with the court." *See Wooten*, 788 F.3d at 501 (cleaned up). Because KJ Win has not borne its burden to show that its default was excusable, the Court finds the default willful.

9

IV.   Conclusion

For the reasons stated above, the Court DENIES KJ Win's [17] Motion to Set Aside Default Judgment. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 14th day of April, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE